**No. 61536.**—Davies Turner & Company *v.* United States, protest 269467–K/7550 (Chicago).

Ford, Judge: The suit listed above challenges the action of the collector in classifying certain imported merchandise as scientific apparatus and levying duty thereon at the rate of 30 per centum ad valorem under paragraph 360 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52820. Plaintiff claims said merchandise to be properly dutiable at 20 per centum ad valorem under said paragraph 360, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as laboratory apparatus for determining the strength of materials or articles in compression.

The pertinent provisions of the statute are as follows:

Paragraph 360, as modified by T. D. 52739 and T. D. 52820:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 360 | Scientific and laboratory instruments, apparatus, utensils, appliances (including mathematical instruments, but not including surveying instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for: <br> * * * * * * * <br> Other (except laboratory instruments, apparatus, or appliances, for determining the strength of materials or articles in tension, compression, torsion, or shear; moisture testers; pyrometers; and parts of any of the foregoing) _____ | 30% ad val. |

Paragraph 360, as modified by T. D. 51802:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 360 | Laboratory instruments, apparatus, or appliances, for determining the strength of materials or articles in tension, compression, torsion, or shear, and pyrometers and moisture testers which are scientific or laboratory instruments, apparatus, utensils, or appliances; all the foregoing and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for_____ | 20% ad val. |

By the testimony of the only witness, who testified for the plaintiff, it is established without contradiction that the purpose of the subject machine is to determine the resistance to abrasion or wear of samples of metal, which is done by rotating one disk of metal against another disk of metal while pressure is applied to the two disks. The machine tests for wear, due to rolling, rubbing, or both, and has a dynamometer which indicates on a graduated scale at any time the frictional resistance between the two disks. The amount of wear can be measured by weighing the disks before and after the test, or measuring the decrease in diameter of the disks.

The machine is equipped with an electric motor, a switching mechanism, which supplies the force required to rotate the disks against each other, which is also built into the machine, and a wiring system. The machine could not be operated by other than electric power without being rebuilt. The witness stated that the term "compression" means an act of being compressed, or pressed together. The metals and other articles, the strength of which is being determined by the machine, are in compression, as the machine presses the two disks together while also rotating them. In testing the resistance of the metal or other material to abrasion, compression is necessary before abrasion can occur, and thus the machine determines the strength of metals and other articles in compression.

The machine in question is now being used in the laboratory of the Watertown Arsenal, United States Government installation in Massachusetts. This and similar machines are sold to laboratories and testing or inspecting departments in metal-working industries that are interested in buying, selling, or making metal highly resistant to abrasion or compression.

In order that there may be no misunderstanding of the facts to which the witness testified, the following is quoted from his testimony:

Q. Now, as a result of your experience and studies have you heard the term compression?—A. I have.

Q. What does that mean?—A. Compression is the act of being compressed or the state of being compressed. It requires a definition also of the word "compress," I believe. To compress is to press together. I think that is a simple and concrete definition.

Q. Does this machine, in your opinion, determine the strength of metals in compression?—A. The metals, the strength of which is being determined, are in compression.

\* \* \* \* \* \* \*

Q. Well, what connection if any is there between the meaning of abrasion and the meaning of compression?—A. Compression is necessary before abrasion can occur.

Q. And so this machine determines the strength of metals in compression, is that it?—A. Yes.

\* \* \* \* \* \* \*

X Q. What is the amount of pressure that is exerted on the samples?— A. The maximum pressure is 440 pounds.

X Q. Do you mean 440 pounds per square inch?—A. No, sir; I do not. I mean 440 pounds and, depending upon the size of these two disks, they being in line contact only, the pressure per square inch is very high, depending on the width of the sample and the diameter of the sample.

\* \* \* \* \* \* \*

R. Q. What is meant by the expression "determining the strength of materials in compression"?

\* \* \* \* \* \* \*

A. To me it means simply determining a property of the materials while they are under compression. By "compression" I mean something is pushing upon them.

R. Q. And is that what happens when this machine is operating?—A. Yes; it is.

The above testimony makes it clear that the subject machine is not used in pure science, as distinguished from applied science. This being true, under the rule announced in *W. L. Conover* v. *United States*, 17 C. C. P. A. (Customs) 324, T. D. 43743, the machine in question cannot be held to be a scientific instrument. We quote the following from the *Conover* case:

* * * We are of opinion, therefore, that the term "scientific," in paragraph 360, was intended by the Congress to be limited, except as otherwise specially provided therein, to instruments, apparatus, utensils, and appliances used in pure, as distinguished from applied, science. This construction does not seem to be controverted by counsel for either party.

The record clearly shows that the subject machine is used in industries and in laboratories, and it must, therefore, be considered a laboratory instrument. *United States* v. *R. J. Saunders & Co., Inc.*, 42 C. C. P. A. (Customs) 128, C. A. D. 584.

In *Arthur H. Thomas Co.* v. *United States*, 72 Treas. Dec. 203, T. D. 49102, this court made the following observations, which we consider pertinent to the issue in this case:

* * * The classification of such laboratory instruments is governed by the fact that they are used in pure science, which determines their tariff status as scientific instruments. In other words, the term *scientific* is interpreted as applying to the kind of use made of the article. The term *laboratory* on the other hand is construed according to the place where it is chiefly used. [Italics quoted.]

According to the uncontradicted evidence in the instant case, the present Hearson electric incubators are used in commercial laboratories for various purposes and they are not employed exclusively or even chiefly in pure, as distinguished from applied, science. They therefore do not come within the classification of scientific instruments but do come within the classification of laboratory instruments in said paragraph 360.

Based upon a consideration of the present record and following the authorities cited and quoted, we hold the subject merchandise, which was classified as a scientific apparatus and assessed with duty at 30 per centum ad valorem under paragraph 360 of the Tariff Act of 1930, as modified, *supra*, to be properly dutiable as a laboratory instrument at the rate of 20 per centum ad valorem under said paragraph 360, as modified, *supra*, as alleged by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other aespects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.